UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERYL JAMES FONTENOT,

                Petitioner,                            Civil No. 04-1741-HA

        v.

                                                ORDER

SHARON BLACKETTER,

                Respondent.

_____

HAGGERTY, Chief Judge:

      Petitioner filed an Amended Petition for Writ of Habeas Corpus [14] pursuant to 28 U.S.C. §

2554 after moving successfully for an appointment of counsel.  Petitioner had initially asserted twelve

grounds supporting his petition, but this *pro se* Petition for Writ of Habeas Corpus [2] was rendered

moot by the filing of his Amended Petition.

      This Amended Petition alleges unlawful deprivations of due process rights guaranteed under

the Fourteenth Amendment of the United States Constitution.  These unconstitutional deprivations

1  -  ORDER

occurred allegedly because the judge presiding over petitioner's sentencing:  (1) failed to follow

Oregon law in sentencing petitioner; (2) did not allow petitioner and his counsel to be heard

concerning whether petitioner should receive less than a mandatory minimum sentence under O.R.S.

137.712; (3) denied petitioner his right of allocution; and (4) imposed a mandatory minimum sentence

based on findings not determined by a jury, not alleged in the indictment, and not proven beyond a

reasonable doubt.

More specifically, petitioner alleges a denial of due process because the sentencing judge

interrupted petitioner's allocution seventeen times.  Petitioner argues that this conduct prevented him

from presenting his legal and equitable bases for why the sentencing judge should have imposed a

sentence that was calculated outside of the parameters of Oregon's sentencing laws, which are

referred to herein as "Measure 11" or O.R.S. 137.700(2)(a)(R).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was sentenced on June 4, 2001, after pleading guilty to robbery in the second

degree in violation of ORS 164.405.  At the time that petitioner committed this robbery, he was on

supervised release for prior bank robbery convictions in Texas.

A primary issue at petitioner's sentencing was whether he was subject to the imposition of a

mandatory seventy-month sentence under Measure 11.  Petitioner's counsel at sentencing argued that

petitioner met certain prerequisites that would have allowed the judge to impose a lesser sentence.

Petitioner's counsel was given the opportunity to explain and summarize certain legal

elements under a subsection of Measure 11 that – when fulfilled – empowers the sentencing judge to

exercise the discretion to reduce the otherwise-mandatory Measure 11 sentence.  One of the elements

2  -  ORDER

requires the showing of a "substantial and compelling reason." *See* O.R.S. 137.712. Petitioner's sentencing judge questioned counsel regarding whether this "substantial and compelling reason" element could be met in light of petitioner's prior robbery convictions.

Counsel responded that the judge's question was "interesting." The judge replied, "Not even interesting, counsel; it's not even in the cards."

Counsel then informed the judge of another sentencing judge who ruled favorably toward a convicted felon under similar circumstances. Petitioner's sentencing judge replied, "you're in front of the wrong judge, then."

Counsel was then permitted to complete his argument and presentation. The judge also questioned petitioner and allowed petitioner to speak on his own behalf.

Petitioner complains that although he was allowed to speak, the sentencing judge interrupted petitioner's allocution seventeen times, aggressively questioning petitioner's arguments and curtailing statements that were repetitions of counsel's arguments. Petitioner claims that his right to speak was inhibited because the judge made reference to time constraints and advised petitioner that if he wanted to keep talking, another hearing would have to be scheduled.

Petitioner filed a *pro se* supplemental brief in the Oregon Court of Appeals, alleging that he was denied due process when the sentencing judge interrupted his allocution and consequently inhibited his attempt to convince the judge to impose a non-Measure 11 sentence. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

Petitioner now pursues this § 2254 motion. Pursuant to 28 U.S.C. §§ 2254(d)(1) and (2), a writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in state

court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an

unreasonable application of, clearly established law; or (2) based on an unreasonable determination of

the facts in light of the evidence presented in the state court.  The court has considered all of the

briefs submitted by petitioner, the responses filed by the government, and the record of this case.  An

evidentiary hearing in this matter is unnecessary.

## ANALYSIS

In his Amended Petition for Writ of Habeas Corpus, petitioner asserts that because the

sentencing judge interrupted petitioner's allocution seventeen times, petitioner was deprived of a

meaningful opportunity to argue for a reduction and was consequently denied due process.

Respondent denies this, and also contends that petitioner's claim is procedurally defaulted.

This court first addresses respondent's assertion that petitioner's claim must be considered

procedurally defaulted because petitioner failed to raise the same federal issue in his filings before the

state appellate courts that he has here.

After reviewing the state and federal claims for relief, this court finds that petitioner has

shown sufficiently that he raised his federal claims in his filings to state appellate courts.  Although

the question is close, a fair interpretation of petitioner's *pro se* filings submitted to Oregon's appellate

courts is that petitioner's challenge that his constitutional rights were violated during his sentencing

hearing, as more broadly amplified here, was presented.  Therefore, this court rejects respondent's

argument that petitioner's claims should be procedurally defaulted.

4  -  ORDER

However, an examination of petitioner's claim that he was denied his constitutional right to due process by the sentencing court when he argued for a non-Measure 11 sentence determines that the claim lacks merit. Accordingly, the court is compelled to deny the petition.

In order to be eligible for a discretionary reduction from a sentence otherwise mandated by Measure 11, a convicted felon must meet the requirements set forth in O.R.S. 137.712(2). As already noted, the sentencing judge must find a "substantial and compelling reason" to deviate from the mandatory minimum sentence. *Id*.

Petitioner argues that the judge interfered improperly with his allocution, a right upon which petitioner was relying to persuade the judge to exercise leniency. This court concludes that the sentencing judge's conduct, though curt and unlikely at the sentencing to instill hope in petitioner, imposed no constitutional deprivations upon petitioner.

The Supreme Court has not identified a constitutional right of allocution. In *Green v. United States*, the Court recognized that Rule 32(a) of the Federal Rules of Criminal Procedure affords the defendant two rights: "to make a statement on his own behalf," and "to present any information in mitigation of punishment." 365 U.S. 301, 304 (1961). The Court noted that Rule 32(a) arose from the common-law right of allocution, but it did not imbue that right with constitutional protection. *Id.*

In *Hill v. United States*, the Court held that a failure to follow the formal requirements of Rule 32(a) – *e.g.*, not affording a defendant an opportunity to make a statement at sentencing – is not itself an error that can be raised by collateral attack. 368 U.S. 424, 426 (1962); *see also United States v. Behrens*, 375 U.S. 162, 165 (1963) (the right of allocution embodied in Rule 32(a) is "ancient in the law" but not construed as a constitutional right).

In *McGautha v. California* the Court refrained from deciding to what extent due process requires a defendant to have an opportunity to present evidence or arguments relevant to the issues involved in sentencing. 402 U.S. 183, 218 (1971). Accordingly, although Rule 32(a) confirms a defendant's right to speak at a sentencing hearing in federal court, the Supreme Court has refrained from recognizing explicitly the same constitutional right for defendants in state court proceedings.

Nevertheless, the Ninth Circuit has concluded that a defendant in state court who is denied a request for allocution before sentencing is denied due process of law. *Boardman v. Estelle*, 957 F.2d 1523, 1530 (9th Cir. 1992). This holding, however, addresses circumstances under which a trial court has explicitly denied a defendant's affirmative request to speak before sentencing. *Id.*

Another Ninth Circuit decision concluded that a federal trial court denied a defendant his right of allocution when it ordered him silent unless the court asked him a question. *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995). Of the authorities relating to the possibility of a constitutionally-based right of allocution, only the *Boardman* decision appears to offer any support to petitioner. Ultimately, however, *Boardman* is inapplicable to petitioner's case. In *Boardman*, the prisoner's request to speak was denied.

There is no dispute that petitioner's sentencing judge provided petitioner an opportunity to speak. In fact, the sentencing judge allowed petitioner an extensive allocution and the opportunity to speak more at another hearing. Petitioner declined the offer to schedule another hearing, and – despite the judge's interaction – was sufficiently undeterred by the court's comments and questions to provide a substantial, thorough allocution. No authority has been presented that suggests that constitutional violations occur when a sentencing judge expresses disagreement or contrary views

during a sentencing hearing.  More precisely, no authority has been offered establishing that a sentencing judge's aggressive questioning of a prisoner during sentencing can be construed as being tantamount to a constructive denial of allocution or a deprivation of due process rights.  This court is compelled to conclude that petitioner 's sentencing judge did not deprive petitioner of his constitutional rights when he engaged in the questioning and the interplay at issue here.

The trial court's sentence did not contradict or involve an unreasonable application of federal law, and it was not based on an unreasonable determination of the facts.  The sentencing judge, in evaluating whether or not petitioner met the requirements of ORS 137.712, properly considered petitioner's prior convictions for robbery, and applied a reasonable sentence after allowing petitioner ample time to speak to his own defense.  Petitioner's claim in this regard is, therefore, without merit.

This court has also examined other issues raised initially by petitioner and counsel in supporting briefs.  These other arguments appear abandoned.  Nevertheless, the court has examined them and find them to be meritless.

## CONCLUSION

For the foregoing reasons, petitioner Deryl James Fontenot's Amended Petition for Writ of Habeas Corpus [14] pursuant to 28 U.S.C. § 2554 is DENIED.

IT IS SO ORDERED.

DATED this ___8_ day of August, 2006.


___/s/Ancer L.Haggerty _____
Ancer L. Haggerty
United States District Judge

7  -  ORDER